IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAMON EUGENE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv514 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OFFICER THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 20, the Motion to Dismiss filed by the defendant, Officer Thomas, in her individual capacity. In his complaint, the plaintiff, Damon Eugene Walker, an inmate at the Douglas County Correctional Center ("DCCC"), alleges that the defendant, a corrections officer at DCCC, falsely accused him of stealing, or failing to return, a pair of nail clippers. The defendant caused the plaintiff to be punished, but later, a disciplinary committee at DCCC found the plaintiff not guilty. Also before the court are filing nos. 17 and 18, amendments or supplements to the complaint in which the plaintiff alleges that the defendant has engaged in retaliatory treatment of the plaintiff in reprisal for the plaintiff's lawsuit against the defendant.

The defendant first alleges that the plaintiff failed to file grievances with respect to his claims against the defendant. However, the complaint indicates that the plaintiff was instructed to raise his claims about the defendant at his disciplinary hearing, which he did. The defendant has not submitted any applicable legal precedent or rules in the DCCC *Inmate Rules and Regulations Handbook* suggesting that matters fully addressed in the context of inmate disciplinary proceedings must also be grieved in order to meet the purposes of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act.

The defendant also claims qualified immunity. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 122 S. Ct. 2508, 2513 (2002), *citing* Saucier v. Katz, 533 U.S. 194, 201 (2001). Assuming the truth of the plaintiff's factual allegations, the defendant falsely accused the plaintiff, subjected him in bad faith to unwarranted disciplinary proceedings, and, when he was cleared, intentionally retaliated against him. The unlawfulness of such conduct is readily apparent. See generally Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("in the light of pre-existing law the unlawfulness [of the challenged conduct] must be apparent" to forfeit qualified immunity). The defendant fails to address why the conduct *alleged by the plaintiff* warrants qualified immunity. Filing no. 20 is denied, without prejudice to the defendant's right to raise the issue of qualified immunity in a properly supported motion for summary judgment.[1]

SO ORDERED.

DATED this 26th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

---

[1] The essence of the defendant's argument is that she in fact acted in good faith. That argument contradicts the factual allegations of the complaint, as amended and supplemented. If the defendant does not agree with the plaintiff's factual allegations, the defendant may challenge the accuracy of the plaintiff's version of events in a motion for summary judgment. A motion to dismiss based on qualified immunity limits the court to the allegations of the complaint, as opposed to a motion for summary judgment based on qualified immunity, which enables the court to review affidavits and other materials beyond the pleadings.